**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

N & W COMMODITIES, *d/b/a U.S. Express*,

        CASE NO. 2:09-cv-11366
        CHIEF JUDGE PATRICK J. DUGGAN
        Plaintiff,        MAG. JUDGE R. STEVEN WHALEN

v.

UNITED STATES OF AMERICA,

        Defendant.

_____/

**STIPULATED PROTECTIVE ORDER**

      Based on the stipulation of the parties as reflected by their signatures below, it is hereby **ORDERED** that:

      1.    This Protective Order shall govern the production and disclosure of any documents, electronically stored information, materials, things, discovery material (including responses to interrogatories and requests to admit), materials filed with the Court, or testimony in this action that pertains to the following: (1) investigative techniques and analysis of and information stored in the Anti-Fraud Locator using EBT Retailer Transactions ("ALERT") system of the Food and Nutrition Service of the Department of Agriculture of Defendant United States of America; (2) confidential or other information protected under the Privacy Act, 5 U.S.C. § 552a, such as that pertaining to retailers or households participating in the Supplemental Nutrition Assistance Program ("SNAP"), formerly known as the Food Stamp Program; or (3) proprietary or trade secret information of retailers participating in SNAP.

      2.    This order is entered for the purpose of protecting against the disclosure of Defendant's investigative techniques and analysis, including those used in the ALERT system, and

to safeguard the privacy of recipients of or retailers accepting electronic benefit transfer ("EBT") cards, issued as part of the SNAP, under 7 U.S.C. § 2011 *et seq*. and 7 C.F.R. § 271 *et seq*. *See* 5 U.S.C. § 552a; 7 U.S.C. § 202(e)(8); 7 C.F.R. § 272.1(c).

     3.    This order permits the disclosure, in the course of this action, of information regarding ALERT and EBT card recipients, participating retailers, or authorized representatives, covered by the Privacy Act, reasonably necessary or useful to respond to discovery or to defend this action. The order does not otherwise affect any objections to discovery made pursuant to the Federal Rules of Civil Procedure.  This order permits Defendant to produce ALERT and EBT card information for transactions occurring at Plaintiff N & W Commodities' store from May 2007 to April 2008.

     4.    Such information shall be disclosed by Defendant only to Plaintiff through its attorney.  Plaintiff's attorney shall not disclose any of the records or information to any person unless the disclosure is reasonably and in good faith calculated to aid in the preparation and/or prosecution of this case.  Plaintiff's attorney shall insure that any person, excepting herself, her staff, and the Court and its personnel, to whom disclosure may be made pursuant to this order shall, prior to such disclosure, have read and understood this order and acknowledged an agreement to be bound by this order.  Such information shall be maintained in strict confidence by Plaintiff's attorney and by Plaintiff.  Plaintiff and its attorney are prohibited from copying such records or disclosing or discussing their contents, except as is necessary for purposes of this litigation.

     5.    Any discovery materials disclosed to Plaintiff under this order shall be clearly designated as "Confidential" and shall be used only to prepare for and to prosecute this action.  A designation on the face of a document or by separate notice, in writing, identifying that document

or information as confidential shall suffice.

6. All records of Defendant produced pursuant to this order in response to Plaintiff's requests shall be deemed confidential and proprietary, and the production and use of said records in this civil action shall proceed only in accordance with the following terms:

 a. Defendant shall only designate records as subject to this order that Defendant reasonably believes warrant such treatment, and shall notify Plaintiff in writing of all records so designated;

 b. Plaintiff may challenge such designation by motion to the Court, and such motion shall contain a certification that Plaintiff has in good faith conferred or attempted to confer with Defendant in an effort to resolve any disagreement about such designation;

 c. Counsel for Plaintiff will be provided with one copy of protected material, except as otherwise agreed to by the United States Attorney's Office. No copies are to be made, other than those incidental to incorporation into a brief, or other document or material to be filed with this Court. Any such copy of the protected material submitted to or filed with the Court shall be under seal;

 d. Records produced by Defendant pursuant to this order shall be disclosed only to Plaintiff's attorney, and they may be disclosed by Plaintiff's attorney to Plaintiff. These records shall be maintained in strict confidence by Plaintiff's attorney and by Plaintiff;

 e. All records, copies, and summaries thereof, save those filed with the Court, shall be returned to Defendant (or destroyed upon agreement of Defendant) within

60 days after termination of this litigation. "Termination of this litigation" shall occur upon the entry of a final order of this court, or the expiration of the time for an appeal of the final order of the district court by any party, or the entry of the mandate by the court of appeals after the disposition of an appeal of the final order of the district court by any party, or the denial of a petition for writ of certiorari by the Supreme Court, or the disposition of an appeal by the Supreme Court, whichever applies. Plaintiff shall certify that all records and copies thereof have been returned to Defendant, or, if Defendant agrees, destroyed; and

f.      The parties shall take all reasonable steps to protect the privacy of individuals who are not parties to this litigation in any filing with the court that contain records or summaries of records that are protected by this order.

7.      This order does not constitute a ruling on the question of whether particular records are discoverable or admissible, and shall not be construed as a waiver by Defendant of any objections which might be raised as to the admissibility of any records that are produced pursuant to this order.

8.      This order does not prevent the United States Attorney Office from asserting any legally cognizable privilege to withhold any document or information.

9. Any allegations of abuse or violation of this order will be considered by the Court either for purposes of determining whether it should enter sanctions, including a contempt of court order.

s/PATRICK J. DUGGAN  
United States District Judge

Dated: July 2, 2009

| KIM CORBIN, P.L.C. | TERRENCE BERG |
|---|---|
|  | United States Attorney |
| */s/ Kim Corbin* | */s/ Theresa Urbanic* |
| KIM CORBIN (P39273) | THERESA URBANIC (P68005) |
| Attorney for Plaintiff | Assistant U.S. Attorney |
| 15206 Mack Ave. | Attorneys for Defendant |
| Grosse Pointe Park, MI  48230 | 211 W. Fort Street, Suite 2001 |
| (313) 886-4466 | Detroit, MI 48226-3211 |
|  | (313) 226-9778 |

Dated:  July 2, 2009